Mr. Justice Thacher
delivered the opinion, of the Court.
Thomas Andrews, complainant, filed his bill upon the chancery side of the Circuit Court of Yazoo county, setting,forth, that in January, 1839, the complainant, together with his partner, Levi L. Morris, contracted with the defendant, Asahel W. Washburn, to repair certain buildings in Yazoo City, which work they completed, according to their contract, in the month of April of the same year. He further sets forth, that upon the 2d day of August, 1839, a suit at law was instituted by himself and his partner against the defendant in this bill, to recover the value of their said work, *113 and that, his partner having deceased pending that suit, as survivor of the co-partnership, opon the 20th day of November, 1840, he recovered a judgment for the amount claimed. He further sets forth, that the execution issued upon this judgment could not make the amount recovered, and that this bill is filed to enforce the lien which attaches to him as a mechanic. The bill asserts, that the suit at law was instituted within six months from the commencement of the work.
It seems to have been supposed by the counsel for the defendant in error, that this bill was filed to assert a lien attaching by virtue of the mechanics law of February 20, 1840. That law has relation only to contracts made subsequent to its date. The contract in this instance bears date January, 1839, and the case must be considered by the rule of the statute of February 15th, 1838, for the relief of mechanics.
The bill under view sets forth whatever is necessary under this statute, a contract by mechanics to perform work upon certain buildings, the performance of the work according to the contract, the institution of the required suit at law, within six months from the date of the commencement of the work, and the creation of the lien by operation of law. The case of Buck v. Brian, 2 How. 874, where a lien under the statutes of 9th February, 1821, and December 6th, 1830, for relief of mechanics, was sought to be enforced, recognizes a resort to chancery for the enforcement of liens of the kind now under contemplation. We therefore decree that the demurrer to this bill was improperly sustained.
The decree of the Court below must be reversed, and the cause remanded for further proceedings.